IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

JOHN T. MCCLUSKY, EXECUTOR OF )
THE ESTATE OF CONSTANCE M. )
MCCLUSKY, DECEASED; AND JOHN ) 2:20-CV-01111-MJH
THOMAS MCCLUSKY, IN HIS OWN )
RIGHT; )
 )
       Plaintiffs, )
 )
  vs.

VICTORIA'S SECRET STORES, LLC.,

       Defendant,

MEMORANDUM ORDER

    Plaintiffs brought the within premises liability action against Defendant, Victoria's Secret Stores, LLC, and now move for a spoliation finding and sanctions (ECF No. 34) based upon Victoria's Secret's failure to produce an incident report. The matter is now ripe for consideration.

    Upon consideration of Plaintiffs' Motion for Sanctions Based Upon Spoliation and Brief in Support (ECF Nos. 34 and 35), Victoria's Secret's Response in Opposition (ECF No. 36), and for the following reason, Plaintiffs' Motion for Sanctions Based Upon Spoliation will be denied.

    I.    Background

    Plaintiffs assert that, after the Constance M. McClusky allegedly trip and fell in front of its store, Victoria's Secret prepared an incident report and may have prepared communications related to the same. During the course of discovery, Plaintiffs requested production of any incident report regarding Ms. McClusky's fall. In its response, Victoria's Secret asserted that an incident report was created by one of its associates, but the whereabouts of said report is currently unknown. (ECF No. 34-3 at p. 31).

II.     Discussion

Plaintiffs contend that Victoria's Secret's failure to preserve and produce the incident report constitutes spoliation of evidence and that this Court should impose sanctions. Specifically, Plaintiffs argue that Defendant has offered no explanation as to the location of the unproduced documents including whether it was lost, accidently destroyed, or negligently destroyed. Victoria's Secret maintains that no spoliation of evidence occurs where an incident report cannot be located or is accidently destroyed. In particular, it argues that Plaintiffs have failed to proffer any evidence that the incident report was actually suppressed or withheld rather than misplaced.

Generally, spoliation refers to "the hiding or destroying of litigation evidence, generally by an adverse party." *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 320 (3d Cir. 2014). The party seeking a spoliation finding must prove four elements: (1) the evidence was in the party's control; (2) the evidence is relevant to the claims or defenses in the case; (3) there has been actual suppression or withholding of evidence; and (4) the duty to preserve the evidence was reasonably foreseeable to the party. *Bull v. United Parcel Serv., Inc.*, 665 F.3d 68, 73 (3d Cir. 2012). The moving party "must also prove a culpable state of mind." *Williams v. Lee*, No. 1:19-CV-41, 2020 WL 1536321, at *1 (W.D. Pa. Mar. 31, 2020) (quoting *Landau v. Zong*, 2017 WL 6336630, at *4 (M.D. Pa. Dec. 12, 2017)).

The Third Circuit and its district courts have consistently found there is no spoliation when a document has been lost or accidentally destroyed. For the spoliation rules to apply, "it must appear that there has been an actual suppression or withholding of the evidence." *Bull v. UPS*, 665 F.3d at 79 (quoting *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326 (3d Cir.1995)). "No unfavorable inference arises[,]" in other words, no spoliation occurs, "when the

2

circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for." *Id.* Such an inference only arises when the destruction of evidence is intentional and indicates a desire to suppress the truth; it does not arise where the destruction was a matter of routine with no fraudulent intent. *Id*. at 334.  Moreover, "a finding of bad faith is pivotal to a spoliation determination." *Bull*, 665 F.3d at 7.

      Here, Plaintiffs have not met their burden on spoliation because they have not introduced that Victoria's Secret actually suppressed or withheld evidence with any fraudulent intent or bad faith.  Defendant's employees testified that the incident report was indeed created but that it has not been seen since the day or two after its creation. (ECF Nos. 36-3 at p. 7 and 36-4 at p. 6). Both employees, Gabrielle DeMartinis and Jamie Lamanna, also testified to diligently searching to locate the incident report, but neither could find it. (ECF Nos. 36-3 at pp. 4-6 and 36-4 at p. 5). They further testified that it was their intent to retain the incident report in a designated store binder, but neither manager recalled placing it into said binder.  (ECF Nos. 36-3 at p. 3 and 36-4 at p. 2.  The foregoing indicates that the incident report was not intentionally suppressed or withheld.   Plaintiffs have adduced no evidence or testimony that Victoria's Secret's misplacement of the subject incident report was the result of any bad faith or ill-will.   Instead, consistent with the case law cited above, such loss or negligent destruction of an incident report cannot support a finding of spoliation.  Therefore, because Plaintiffs have not met their burden that Victoria's Secret withheld or suppressed evidence, they cannot sustain a spoliation finding.  Thus, no sanctions based upon spoliation are warranted.

      Accordingly, Plaintiffs' Motion for Sanctions based upon spoliation is denied.

Dated: December  2 , 2021

                                       BY THE COURT:

                                       _____
                                       MARILYN J. HORAN
                                       United States District Judge

4